J-S13006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAHEEM HALL | : | |
| Appellant | : | No. 2864 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0002794-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAHEEM HALL | : | |
| Appellant | : | No. 2865 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0002795-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| RAHEEM HALL | : | |
| Appellant | : | No. 2866 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0002796-2024

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JULY 30, 2026**

Raheem Hall appeals from his judgments of sentence entered in the Philadelphia Municipal Court[1] for three counts of harassment, 18 Pa.C.S.A. § 2709(a)(1), graded as summary offenses. Hall argues that the evidence was insufficient to sustain his harassment convictions and that his trial counsel was ineffective. Because Hall filed his notices of appeal directly from the Municipal Court's verdict, without first appealing to the Court of Common Pleas for a *de novo* trial, we lack jurisdiction. Therefore, we transfer the appeals to the court with jurisdiction over Hall's appeals, the Court of Common Pleas of Philadelphia County.

Given our disposition, a detailed factual recitation is not necessary. Briefly, on February 10, 2024, Hall was arrested for an incident the previous night in which Hall closely tailed and tried to drive Brittany Troy's vehicle off the road. Additionally, Hall stopped his vehicle in front of Troy's, got out of his vehicle, and while approaching Troy's vehicle, reached for his waistband for what Troy believed was a gun. Troy reversed her vehicle to distance herself and Hall returned to his vehicle and left. Troy was in the vehicle with her nine-year-old daughter, A.T., and her seven-year-old son, R.H. Hall is R.H.'s father.

---

[1] Because Hall purports to appeal from the Court of Common Pleas of Philadelphia County in his notices of appeal, we have kept this language in the appeal paragraph of the caption. However, as explained further below, this is incorrect, as the appeal is from the sentences entered in the Philadelphia Municipal Court.

Hall was charged at three different Municipal Court docket numbers (MC-51-CR-0002794-2024, MC-51-CR-0002795-2024, and MC-51-CR-0002796-2024) with simple assault (18 Pa.C.S.A. § 2701(a)), recklessly endangering another person (REAP) (18 Pa.C.S.A. § 2705), and summary harassment (18 Pa.C.S.A. § 2709(a)(1)). Additionally, at the two Municipal Court docket numbers pertaining to A.T. and R.H. he was charged with endangering the welfare of children (EWOC) (18 Pa.C.S.A. § 4304(a)(1)).

After multiple continuances, the matter proceeded to trial in the Municipal Court on September 5, 2024. At trial, Hall was represented by counsel and Troy and A.T. testified. At the conclusion of the trial, the court found Hall guilty of the summary harassment offenses and dismissed the remaining charges for lack of evidence. The court proceeded with sentencing and sentenced Hall to no further penalty.

Despite being represented by counsel, Hall purported to file a *pro se* notice of appeal with this Court. Thereafter, we remanded the matter multiple times with directions for the trial court to hold proceedings and issue orders directing Hall to perfect his appeal. Eventually, with the assistance of counsel, Hall filed amended notices of appeal, and a supplemental Rule 1925(b) statement at each docket number, and the trial court filed a supplemental Rule 1925(a) opinion.

Notably, Hall never filed a notice of appeal for a *de novo* trial in the Court of Common Pleas.[2]

Before addressing the issues raised by Hall, we must consider whether we have jurisdiction over the matter. "A court may consider the issue of jurisdiction *sua sponte*." **Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017) (citation omitted).

For summary convictions in municipal court, the proper and exclusive appellate procedure is for the defendant to appeal to the Court of Common Pleas for a trial *de novo*. **See** Pa.R.Crim.P. 460(f), 1002(D)(2), 1010(A)(1). Our Supreme Court has held that this Court lacks jurisdiction to consider appeals from orders entered by magisterial district justices. **See Commonwealth v. Garcia**, 43 A.3d 470, 477 (Pa. 2012). Instead, the Court of Common Pleas has "exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district." 42 Pa.C.S.A. § 932. Meanwhile, the Superior Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas[.]" 42 Pa.C.S.A. § 742.

Here, the trial occurred in the Municipal Court. Hall never filed an appeal for a *de novo* trial in the Court of Common Pleas and instead filed his initial

---

[2] As this was a summary case, Hall did not have the option to file a petition for *certiorari* with the Court of Common Pleas. **See** Pa.R.Crim.P. 1006, comment.

*pro se* notice of appeal to this Court. ***See*** Trial Court Opinion, 10/16/25, at 2. There is no indication in the record that Hall sought review by the Court of Common Pleas even once counsel was appointed or that the Court of Common Pleas issued an order imposing the judgments of sentence.[3]

This Court is statutorily prohibited from exercising jurisdiction over matters that the Court of Common Pleas has exclusive appellate jurisdiction over. Our appellate jurisdiction derives from appeals of final orders of the Court of Common Pleas, not orders of the Municipal Court. The instant matter was never appealed to the Court of Common Pleas for a *de novo* trial. Absent such procedure, we lack jurisdiction to consider an appeal of a municipal court order. ***See Garcia***, 43 A.3d at 477.

Therefore, because this Court lacks jurisdiction to consider the present appeals, the proper remedy is to transfer the appeals to the court that has jurisdiction. ***See*** Pa.R.A.P. 751(a), 905(a)(4); 42 Pa.C.S.A. § 5103(a). The court with jurisdiction over Hall's appeals is the Court of Common Pleas of Philadelphia County. Therefore, we transfer the instant appeals to the Court of Common Pleas of Philadelphia County.

Appeals transferred to Court of Common Pleas of Philadelphia County. Jurisdiction relinquished.

---

[3] In his amended notices of appeal, Hall purports to appeal from the judgments of sentence entered September 5, 2024, "by the Court of Common Pleas," however, the Municipal Court was the issuing authority of those orders, not the Court of Common Pleas. ***See*** Notice of Appeal, 8/4/25.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2026